IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) |
| v. | ) No. 09 C 3625 |
| KNIGHT QUARTZ FLOORING LLC, etc., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Bank of America, N.A. ("Bank of America") has filed this action against Knight Quartz Flooring LLC (f/k/a Knight Industries Premium Flooring LLC)("Knight"), invoking federal jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed, so that Bank of America has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte memorandum order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that the present flaw can be cured and the action can be reinstated.

Complaint ¶1 properly identifies the jurisdictional facts as to Bank of America itself. But as to Knight, Complaint ¶2 speaks only of the jurisdictionally irrelevant factors of Knight's state of formation and the location of its principal place of business.

That last set of allegations ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole

battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). Even were this not a lawsuit seeking well over a million dollars in damages (as it does), there would really be no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Bank of America's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Bank of America and its counsel jointly obligated to pay a fine of $350 to the Clerk of this District Court--equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here proved to be curable--if an appropriate Fed. R. Civ. P. 59(e) motion were to be filed hereafter seeking to alter this judgment of dismissal. Because this dismissal is for the lack of establishment of federal subject matter jurisdiction, by

2

definition it is a dismissal without prejudice.

In that respect it seems likely that Knight's membership does not include any citizens of North Carolina, in which event the jurisdictional flaws spoken of here would in fact prove readily curable.  In light of that possibility this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 17, 2009